

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00155-CV
_____

CHRISTOPHER LORICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 107,406-E; Honorable Douglas R. Woodburn, Presiding

June 25, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J. and PIRTLE and PARKER, JJ.

Appellant, Christopher Lorick, appearing *pro se*, attempts to appeal from a *Default Judgment of Forfeiture*.   We dismiss the appeal for want of jurisdiction.

The trial court signed the judgment on July 25, 2018.  Because Lorick did not file any post-judgment motions or requests that extended the notice of appeal deadline,

Lorick's notice of appeal was due thirty days after the judgment was signed, i.e., by August 24, 2018. *See* TEX. R. APP. P. 26.1(a) (A notice of appeal is due within thirty days after a judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law is timely filed.). Lorick did not file a notice of appeal until April 19, 2019.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, *Verburgt*, 959 S.W.2d at 616-17, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). Thus, this court has no discretion to permit an untimely filed notice of appeal to confer jurisdiction over an appeal.

By letter dated May 30, 2019, we notified Lorick that his notice of appeal appeared untimely and directed him to file a response showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Lorick did file a response; however, it failed to demonstrate grounds for continuing the appeal.

Accordingly, we dismiss the purported appeal for want of jurisdiction.[1]  *See* TEX.
R. APP. P. 42.3(a).


Per Curiam

---

[1] On May 21, 2019, Lorick filed a *Motion for Return of Property* with this court seeking the same relief sought by his appeal.  The motion is also dismissed for want of jurisdiction.